**IN THE COURT OF APPEALS OF IOWA**

No. 18-1409
Filed February 20, 2019

**IN THE INTEREST OF R.W. and X.W.,**
**Minor Children,**

**R.W., Father,**
  Appellant.

_____

Appeal from the Iowa District Court for Polk County, Lynn Poschner, District

Associate Judge.

The father appeals the termination of his parental rights to his children.

**AFFIRMED.**

Thomas G. Crabb, Des Moines, for appellant father.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney

General, for appellee State.

ConGarry Williams, Des Moines, guardian ad litem for minor children.

Considered by Vogel, C.J., and Vaitheswaran and Potterfield, JJ.

**VOGEL, Chief Judge.**

The father appeals the termination of his parental rights to R.W., born in March 2016, and X.W., born in January 2017. He argues the district court should not have found immediate termination of his parental rights was in the best interests of the children while granting an additional six months for the mother to work toward reunification. Moreover, he posits a higher standard should be imposed when determining the best interests of the children when termination is only of one parent's parental rights.

The parents have a history of domestic violence, which began before the birth of their children. On two occasions, in July and September 2015, the father assaulted the mother while she was pregnant with R.W. The Iowa Department of Human Services (DHS) first became involved with this family in October 2017, after a domestic-violence incident where the father allegedly pushed the mother from a moving vehicle; the two children witnessed the event while sitting in the back seat. The father denies pushing the mother out of the vehicle and alleges she attempted suicide. According to the mother, the two were arguing in the vehicle when she "blacked out"; she then awoke in the hospital with multiple injuries and assumed she tried to commit suicide. The domestic violence continued, and on November 7 the mother reported the father "slammed [her] head" into the vehicle door while she was getting R.W. out of his car seat. In addition, police were called to the family home on November 8 when the father assaulted the mother because he was mad she had filmed him using drugs.

The State filed a petition to terminate the parental rights as to both parents on May 10, 2018. After a hearing, the district court terminated the father's parental

rights on August 29 under Iowa Code section 232.116(1)(h) (2018).[1]  The father appeals.[2]

"We review termination-of-parental-rights proceedings de novo."  *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  "In considering whether to terminate the rights of a parent . . . , the court shall give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]."  Iowa Code § 232.116(2).  The father asserts a higher standard under the best-interests analysis should be imposed when terminating the rights of only one parent.  The father cites to no authority supporting the imposition of a higher burden of proof upon the State.  Moreover, this court has previously rejected the argument that termination must apply to both parents.  *See In re C.W.*, 554 N.W.2d 279, 282 (Iowa Ct. App. 1996).  Therefore, we decline to impose a higher burden of proof, as the father suggests, when analyzing the best interests of the children.

The district court determined termination of the father's parental rights was in the best interests of the children due to the father's lack of participation in offered services and his refusal to acknowledge his role in the multiple incidents of domestic violence.  When determining the best interests of the children, we look

---

[1] Following the termination hearing, the district court found termination of the mother's parental rights was not in the best interests of the children due to her progress, and the court granted her a six-month extension.

[2] The father does not raise an argument that the grounds for termination under Iowa Code section 232.116(1)(h) were not met.  Thus, we do not consider this step.  *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (providing the court need not consider the existence of the grounds for termination under section 232.116(1) because the parent did not dispute the issue).

to the parent's "past performance because it may indicate the quality of care the parent is capable of providing in the future." *In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997). Due to the father's history of domestic violence, which has left the children in precarious situations, and his failure to acknowledge his actions or attempt to remedy his behavior, we find termination of the father's parental rights is in the best interests of the children.

The father also mentions, in passing, that the district court should have granted him a six-month extension as it did for the mother. Under Iowa Code section 232.104(2)(b), a court may authorize a six-month extension of time if it determines "the need for removal of the child[ren] from the child[ren]'s home will no longer exist at the end of the additional six-month period." However, the father failed to convince the district court that additional time would extinguish the need for removal with regard to the father. *See* Iowa Code § 232.104(2)(b). The district court concluded, "[I]t is unlikely that the parents will be able to safely regain custody of [their] children even if a six month extension were granted given the progress and work that would have to be completed." While, the district court ultimately found "[i]t is in the children's best short and long term interest to maintain their relationship with [the mother] and be returned to her custody provided this can be done safely and within six months," it did not find nor does the record support the notion that an extension of time would extinguish the need for removal from the father's care. *See id.*

**AFFIRMED.**